A. Eric Bjorgum (SBN 198392)
Marc Karish (SBN 205440)
KARISH & BJORGUM, PC
16 North Marengo St., Suite 307
Pasadena, California  91101
Telephone:   (213) 785-8070
Facsimile:    (213) 995-5010
Eric.bjorgum@kb-ip.com

Attorneys for Plaintiff EDDIE COLLA

UNITED STATES DISTRICT COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EDDIE COLLA,<br><br>           Plaintiff,<br><br>      v.<br><br>WAL-MART STORES, INC.;<br>WAYFAIR LLC; WAYFAIR, INC. and<br>DOES 1-10, inclusive.<br><br>           Defendants. | Case No. CV<br><br>COMPLAINT FOR:<br><br>1.  COPYRIGHT INFRINGEMENT<br>2.  VICARIOUS COPYRIGHT INFRINGEMENT<br>3.  CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>JURY TRIAL REQUESTED |

Plaintiff EDDIE COLLA ("COLLA" or "Plaintiff"), by and through his counsel Karish & Bjorgum, PC, hereby complains and alleges against Defendants WAL-MART STORES, INC. ("WALMART"), WAYFAIR LLC, WAYFAIR, INC. (WAYFAIR LLC and WAYFAIR, INC. shall be referred to collectively as "WAYFAIR"), and Does 1-10, inclusive (collectively, "Defendants"), on personal knowledge as to her own actions and on information and belief as to the actions of others, as follows:

## JURISDICTION AND VENUE

1.  This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*. This Court has jurisdiction over matters arising under the Copyright Act pursuant to 28 U.S.C. § 1331 (federal question actions) and 28 U.S.C. § 1338 (exclusive jurisdiction over copyright actions).

2.  Defendants are subject to the personal jurisdiction of this Court inasmuch as they are located in California or have purposefully availed themselves of the privileges of doing business in California with regard to the actions alleged herein, and such jurisdiction is reasonable. Specifically, Defendant WALMART is the largest retailer in the United States, has multiple retail locations in California and has a registered agent for service of process in California. Defendant WAYFAIR is a large manufacturer of consumer items and regularly ships merchandise into California, via a website available to and targeted at California residents.

3.  As further alleged below, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) for the California-based Defendants, 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1391(b)(3).

## PARTIES

4.  Plaintiff EDDIE COLLA ("COLLA") is an individual residing in Alameda County, California. COLLA is an accomplished artist, working mainly in painting, graphic art and prints.

5. On information and belief, Defendant WAL-MART STORES, INC. is Delaware corporation with its principal place of business in Bentonville, Arkansas. WALMART has many stores in California and WALMART has a registered agent for service of process in Los Angeles, California. On information and belief, Defendant WALMART intentionally copies, distributes and sells infringing products that are sold in this District, either through other outlets or through subsidiary companies.

6. On information and belief, Defendant WAYFAIR, LLC is a Delaware limited liability company with its principal place of business in Boston, Massachusetts.

7. On information and belief, Defendant WAYFAIR, INC. is a Delaware corporation with its principal place of business in Boston, Massachusetts. On information and belief, WAYFAIR, INC. intentionally designs, manufactures and distributes products that are sold in this District, either through other outlets or through subsidiary companies.

8. Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 10, inclusive, or any of them, and therefore sues these defendants, and each of them, by fictitious names. Plaintiff will seek leave of this court to amend this complaint when the status and identities of these defendants are ascertained.

9. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times mentioned in this Complaint, Defendants were acting in concert and active participation with each other in committing the wrongful acts alleged herein, and were agents of each other and were acting within the scope and authority of that agency and with knowledge, consent and approval of one another.

## GENERAL ALLEGATIONS

A. Eddie Colla's Work

10. Plaintiff EDDIE COLLA is a popular painter, graphic artist, print maker and street artist whose work has shown in galleries in San Francisco, New York, Los Angeles,

Paris. His work has been published in books and featured in *The New York Times*, *The Los Angeles Times*, *The Chicago Tribune* and *The Huffington Post*. Colla has created street art in San Francisco, Oakland, Los Angeles, Edinburgh, Berlin, Texas and New York.

11. In recent years, street and graphic artists have become popular and collectible. Artists such as Shepard Fairey, Thierry Guetta ("Mr. Brainwash") and Banksy becoming well known cultural figures and commanding top prices for their work. Plaintiff COLLA is also considered among the top street contemporary street artists.

12. In 2013, COLLA created a visual work entitled "Ambition." He filed for a copyright registration on "Ambition" in May, 2013. The application is still under submission with the Copyright Office as case no. 1-936639110.

13. After COLLA filed for a copyright registration on "Ambition," Defendant WAYFAIR began selling copies of a print of "Ambition," attributing the author as Banksy. The print was sold online by Defendant WALMART. The "Ambition" print was sold without the authorization of COLLA.

14. The print sold by WALMART was entitled "Art Wall Banksy 'Asking for Permission' Canvas Wall Art" (hereinafter "Asking for Permission"). It retailed for $26.59 -- $57.65. Screen prints of the WALMART and WAYFAIR pages showing the items for sale is attached hereto as Exhibit A. The same piece was for sale on Amazon.com for over $149.

15. The infringement and confusion was noted in online media. On or about March 17, 2014, counsel for COLLA contacted WALMART to enquire about sales figures for "Asking for Permission." WALMART never responded.

16. On information and belief, Defendants have the right and ability to supervise the conduct of one or all of each other's infringing activities and have a direct financial interest in one or all of each other's infringing activities.

17. On information and belief, Defendants had knowledge of the infringing conduct of one or all of each other and materially contributed to, induced or caused the

infringing activity of one or all of each other.

# FIRST CAUSE OF ACTION

(Copyright Infringement (17 U.S.C. § 501, *et seq.*) Against All Defendants)

18. Plaintiff realleges and reincorporates paragraphs 1- 17 above, as though set forth fully herein.

19. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Plaintiff's work through, without limitation, public display of his work on the Internet, books and elsewhere, as well as through his profile as a well-known street artist.

20. Plaintiff is informed and believes and thereon alleges that Defendant WAYFAIR is a home goods manufacturer and that said Defendant has an ongoing relationship with other Defendants and either bought or supplied prints which featured unauthorized copies of Plaintiff's "Ambition" print.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from Plaintiff's "Ambition" print and by producing, distributing and/or selling infringing copies through a network or retail stores or websites.

22. Defendants' infringement has caused substantial damage to Plaintiff, in an amount to be proven at trial. Plaintiff has suffered general and special damages. Defendants have also obtained profits either directly or indirectly from their infringing activities.

23. Plaintiff is informed and believes and thereon alleges that Defendants' infringing activities have continued after Plaintiff demanded that they cease and desist, so that the infringing activities are willful, intentional and malicious.

24. Defendants' infringement irreparably harms Plaintiff and leaves him without an adequate remedy at law, so that he is entitled to an injunction to halt any further infringing activity.

## SECOND CAUSE OF ACTION

(Vicarious Copyright Infringement Against All Defendants)

25. Plaintiff realleges and reincorporates paragraphs 1- 17 above, as though set forth fully herein.

26. Defendants, either alone or in concert, have vicariously infringed Plaintiff's copyrights. Plaintiff is informed and believes and thereon alleges that Defendants, either alone or in concert, had the right to supervise any infringing conduct and have a direct financial interest in the infringing activity. Alternatively, Defendants, either alone or in concert, profited from direct copyright infringement while declining to exercise their right to stop or limit it.

27. Defendants' vicarious infringement has caused substantial damage to Plaintiff, in an amount to be proven at trial. Plaintiff has suffered general and special damages. Defendants have also obtained profits either directly or indirectly from their vicarious infringement.

28. Plaintiff is informed and believes and thereon alleges that Defendants' vicarious infringement continued after Plaintiff demanded that they cease and desist, so that the infringing activities are willful, intentional and malicious.

29. Defendants' vicarious infringement irreparably harms Plaintiff and leaves her without an adequate remedy at law, so that she is entitled to an injunction to halt any further infringing activity

## THIRD CAUSE OF ACTION

(Contributory Copyright Infringement Against All Defendants)

30. Plaintiff realleges and reincorporates paragraphs 1 - 17 above, as though set forth fully herein.

31. Defendants, either alone or in concert, have contributorily infringed Plaintiff's copyrights. Plaintiff is informed and believes and thereon alleges that Defendants, or each of them, (i) had knowledge of each other's infringement and (ii) materially contributed to, caused or induced that infringement.

32. Defendants' contributory infringement has caused substantial damage to Plaintiff, in an amount to be proven at trial. Plaintiff has suffered general and special damages. Defendants have also obtained profits either directly or indirectly from their vicarious infringement.

33. Plaintiff is informed and believes and thereon alleges that Defendants' contributory infringement continued after Plaintiff demanded that they cease and desist, so that the infringing activities are willful, intentional and malicious.

34. Defendants' contributory infringement irreparably harms Plaintiff and leaves her without an adequate remedy at law, so that she is entitled to an injunction to halt any further infringing activity.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants as follows:

a. That the Court order Defendants to pay monetary damage to Plaintiff in an amount sufficient to compensate him for all damages resulting from the unauthorized copying, distribution and sale of his work, including, but not limited to, his lost sales and disgorgement of Defendants' profits;

b. That Defendants and their agents and servants all be enjoined from selling, distributing, or manufacturing items which infringe Plaintiff's copyrights on his work and from any unauthorized copying of any of Plaintiff's copyrighted work;

c. That Plaintiff be awarded prejudgment interest as allowed by law;

d. That Plaintiff be awarded his costs of this action; and

e. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

DATED: May 28, 2014　　　　　　　　　KARISH & BJORGUM, PC

By: *(signature)*
A. Eric Bjorgum
Attorneys for Plaintiff
EDDIE COLLA

## **REQUEST FOR JURY TRIAL**

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff hereby requests a trial by jury of all issues raised by its counterclaims which are properly triable to a jury.

Dated:  May 28, 2014                    Respectfully submitted,

By:_____
A. Eric Bjorgum
KARISH & BJORGUM PC
Attorneys for Plaintiff EDDIE COLLA